UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

TERRA R. BAUGHMAN
    Plaintiff,

v.                                                  CASE NO.

IVY TECH COMMUNITY COLLEGE
    Defendant

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, Terra Baughman ("Baughman"), by counsel, for her Complaint and Demand for Jury Trial ("Complaint") against the Defendant, Ivy Tech Community College ("Ivy Tech") states:

## JURISDICTION AND PARTIES

1. This Complaint raises federal questions, and this Court has jurisdiction over this Complaint pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000(e) *et seq*., as amended. The Court has federal subject matter jurisdiction pursuant to U.S.C. §1331 and §1343.

2. The Southern District of Indiana, Terre Haute Division, is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred and is the judicial district in which Ivy Tech conducted most of its business with Baughman at the time of the events or omissions giving rise to these claims.

3. Baughman is an individual residing in Center Point, Indiana and at the times relevant to this Complaint was an employee of Ivy Tech.

4. Ivy Tech is a public, statewide, two-year community college established by the Indiana legislature. Ivy Tech has a campus in Terre Haute, Indiana, where Baughman was employed.

5. Ivy Tech is an "employer" as that term is defined by 42 U.S.C. §2000e(b), 42 U.S.C. §12111(5), and 29 U.S.C. §630(b).

6. Ivy Tech has more than fifteen (15) employees and satisfies the definition of "employer" as that term is defined in 42 U.S.C. §12111(5)

7. Baughman was an "employee" as that term is defined by 42 U.S.C. §2000e(f), 42 U.S.C. §12111(4), and 29 U.S.C. §630(f).

8. Baughman satisfied her obligation to exhaust her administrative remedies having timely filed a Charge of Discrimination with the United States Equal Opportunity Commission ("EEOC"), against Ivy Tech alleging discrimination based on religion. Baughman received the required Notice of her Right to Sue and timely filed this action.

## FACTUAL ALLEGATIONS

1. Baughman's employment with Ivy Tech began in 2001.

2. Baughman was an Associate Nursing Professor in Ivy Tech's nursing program at the times relevant to the Complaint.

3. Ivy Tech had a Covid-19 Vaccination Policy ("Vaccination Policy") for students and employees.

4. The Vaccination Policy required Baughman to have a Covid-19 vaccination.

5. Baughman requested a religious exemption from Ivy Tech's Covid-19 Vaccination Policy.

6. Ivy Tech granted Baughman's religious exemption from Ivy Tech's Covid-19 Vaccination Policy in August 2021.

7. Meadows Manor East ("Meadows Manor") is a nursing home and long-term care facility in Terre Haute, Indiana.

8. Meadows Manor is a clinical partner of Ivy Tech's nursing program.

9. Baughman was scheduled to complete clinical training at Meadows Manor.

10. Meadows Manor East informed Ivy Tech it would not accept religious exemptions from its Covid-19 policy.

11. Baughman requested Ivy Tech to assign her to complete clinical training at another clinical partner in the nursing program.

12. Ivy Tech denied Baughman's request for accommodation to complete clinical training at another clinical partner accepting religious exemptions.

13. Ivy Tech terminated Baughman's employment on October 19, 2021.

## **COUNT I – RELIGIOUS DISCRIMINATION**

14. Baughman incorporates her answers to rhetorical paragraphs 1-13 of the Complaint.

15. Ivy Tech discriminated against Baughman on the basis of her religion by conditioning her continued employment upon the abandonment of her closely held religious beliefs to comply with its and Meadows Manors Covid-19 policies.

16. Baughman was never given the opportunity to apply for an alternative position within Ivy Tech that could accommodate her sincerely held religious belief due to Ivy Tech's unlawful denial of her accommodation request.

17. Ivy Tech discriminated against Baughman on the basis of her sincerely held religious beliefs by failing to engage in an interactive process in good faith and denying her reasonable accommodation request.

18. Ivy Tech's "quid pro quo" harassment based on Baughman's sincerely held religious beliefs created a hostile work environment which constituted unlawful discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C §2000e et seq.

19. Ivy Tech' s conduct was deliberate, willful and in reckless disregard of Baughman's civil rights.

20. Baughman has suffered damages as the result of Ivy Tech's unlawful actions.

## REQUESTED RELIEF

WHEREFORE, the Plaintiff, Terra R. Baughman, requests the Court enter judgment in her favor and against Ivy Tech and provide the following relief:

1. Reinstatement to Baughman's prior position, salary, benefits ,or front pay in lieu of reinstatement;

2. Lost wages, benefits, compensation, and monetary losses sustained at the result of Iyy Tech's unlawful actions.

3. Compensatory, consequential, and punitive damages;

4. Attorney fees, litigation expenses, and costs of this action;

5. All other legal and/or equitable relief to which Baughman is entitled.

```
                    WILKINSON, GOELLER, MODESITT,
                      WILKINSON & DRUMMY, LLP
                    333 Ohio Street
                    Terre Haute, IN 47807
                    Telephone:    (812) 232-4311
                    Fax:          (812) 235-5107

                    By:  /s/David P. Friedrich
                            David P. Friedrich, #15164-84
```

**REQUEST FOR TRIAL BY JURY**

The Plaintiff, Terra R. Baughman, requests this cause of action be tried by a jury.

                            WILKINSON, GOELLER, MODESITT,
                               WILKINSON & DRUMMY, LLP
                            333 Ohio Street
                            Terre Haute, IN 47807
                            Telephone:    (812) 232-4311
                            Fax:            (812) 235-5107

                            By:  /s/David P. Friedrich
                                   David P. Friedrich, #15164-84